[Civil No. 1501.   Filed March 25, 1916.]

[156 Pac. 78.]

## FARMERS' EXCHANGE, a Corporation, Appellant, v. HARRY MALODY, Appellee.

1. ESTOPPEL—EQUITABLE ESTOPPEL—GROUNDS.—That one desiring to establish credit represented that a piano in his house was his property, in reliance upon which the credit was granted, does not estop the owner of the piano, who roomed in the house where it was kept, in the absence of representations or misleading conduct on his part, from claiming it as against the creditor.

2. EXECUTION—CLAIM BY THIRD PERSON—ATTORNEY'S FEE.—On the trial of a claim by a third party to property levied on, an allowance of an attorney's fee to the claimant on judgment in his favor is erroneous.

   [As to estoppel *in pais* as question of law or fact, see note in Ann. Cas. 1913A, 1072.]

APPEAL from a judgment of the Superior Court of the County of Maricopa.   R. C. Stanford, Judge.   Modified and affirmed.

Messrs. Cox & Phelps, for Appellant.

Mr. H. W. Clark and Mr. C. D. Jamison, for Appellee.

FRANKLIN, J.—Plaintiff and appellant here brought an action in the justice's court to recover a sum of money alleged to be due on an account for provisions furnished to one E. L. Mahler. In the course of the legal proceedings one Boardman and Gray piano valued at $250 came into the possession of the sheriff under a writ of attachment. The defendant and appellee, claiming to be the owner and entitled to the possession of the piano, filed his affidavit and bond and got possession of the piano. Issues were made up under the direction of the court, and the question is: Who is the owner and entitled to the possession of the piano? The case was tried to a jury, who found for the appellee. The judgment of the court included an award to the appellee of attorney's fees in the sum of $50, and for costs.

It seems that said Mahler was desirous of establishing a credit with the appellant in order to run an account for groceries and provisions, and in order to do this led appellant to believe that the piano in question, among other property, located in his house in Phoenix, belonged to said Mahler, and upon the faith of such representations, the credit asked for was extended. It appears that the appellee is a painter and musician, and lived at the house of said Mahler for a considerable time, paying $20 a month for his board and room, and while doing so had the piano in question with him. The uncontradicted evidence in the record shows that appellee is the owner of the piano, and has been so ever since he was three years of age; his age at the time of the trial being twenty-nine years. As we understand it, this is not disputed by appellant, but its right to the piano is based upon the estoppel of Mr. Malody, the appellee, to deny that Mr. Mahler is the owner of the piano. It may be conceded as true that Mr. Mahler did represent to appellant that the piano belonged to him when he was trying to establish a credit with appellant, and that appellant in looking over the house did find the piano there. This may have been sufficient to justify an honest belief on the part of appellant that the piano belonged to Mahler, and so have justified it in procuring an attachment on it *bona fide* to secure payment of its claim. But there is not in the record any conduct, nor one word from Malody, contributing to this belief. So far as the record discloses, never to any one at any time did Malody other than assert the piano to be his.

The mere fact that he was renting a room and eating at the house of Mahler and keeping his piano there would not subject him nor his property to the payment of Mahler's obligations. Nor would the conduct and representations of Mahler, whatever they may be, without any knowledge thereof or acquiescence therein on his part, estop Malody to claim ownership of his property. Appellant never extended any credit to Mahler on account of anything that Malody said or did, but entirely on what the testimony shows that Mahler said and did. That the case is tinctured with any fraud on the part of Malody is expressly disclaimed by appellant. Clearly there was no estoppel. The verdict of the jury is amply sustained by substantial evidence.

We know of no law, however, under the facts of this case, that would justify the court in awarding the claimant of the property an attorney's fee, and this award is wrong.

The cause is remanded, with directions to modify the judgment by striking therefrom the allowance of an attorney's fee, and, as so modified, the judgment is affirmed. Appellant recovers its costs in this court, and appellee recovers costs in the court below.

ROSS, C. J., and CUNNINGHAM, J., concur.

On the right of one leaving his chattels in another's possession to claim title against the latter's vendees or creditors, see note in 25 L. R. A. (N. S.) 760.